IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:06-748-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARIUS KYEMONTE BELLE | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Darius Kyemonte Belle, is an inmate with the Federal Bureau of Prisons. He has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] He contends that his conviction for failure to stop for a blue light (FTSBL) cannot be used as a predicate crime for sentencing him as a career offender.

The government, here the respondent, has filed a motion to dismiss the § 2255 motion, arguing that it is untimely. In any event, the government asserts that the defendant was not sentenced as a career offender as he contends. The court advised the defendant in a *Roseboro* order of the importance of his adequate response to the motion to dismiss and the defendant responded to the motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons that follow, the court hereby grants the government's motion to dismiss. Accordingly, an evidentiary hearing is unnecessary.

PROCEDURAL HISTORY

The defendant pled guilty to a drug charge involving conspiracy to possess with intent

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

to distribute 50 grams or more of cocaine base. The Presentence Report (PSR), which was adopted by this court, indicated that the defendant's base offense level was 34. However, his sentence was cross-referenced pursuant to United States Sentencing Guideline (U.S.S.G.) § 2D1.1(d)(1) because a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States. The defendant was sentenced in accordance with U.S.S.G. § 2A1.1, First Degree Murder, which calls for a base offense level of 43. This level was reduced to 40 after a 3-level reduction for acceptance of responsibility, resulting in a guideline range of 360 months to life imprisonment. The court sentenced the defendant on November 19, 2007 to 400 months imprisonment.

Although he did not file a direct appeal of his conviction, the defendant did move for a reduction under U.S.S.G. Amendment 706. His motion was denied because his sentence was based on the murder cross-reference, not the quantity of crack cocaine he distributed, so that Amendment 706 was not applicable to his sentence.

### STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28

U.S.C. § 2255(a).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

DISCUSSION

The defendant's conviction became final on or about November 29, 2007. He did not file a direct appeal of his sentence. Therefore, the defendant had until on or about November 29, 2008, to file his motion to vacate. The present § 2255 motion was not filed until December 27, 2011. The defendant concedes that his motion is "several years outside of the one-year time frame specified by the AEDPA."

The defendant contends that under the Supreme Court's ruling in *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549 (2010), that he meets the two-part test to proceed under § 2255 and that he is eligible for equitable tolling. He also contends that in light of the Fourth Circuit case of *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), his conviction for violating the blue light statute is no longer a violent felony and that this conviction should not be used to classify him as a career offender.

Under the first prong of *Holland*, the defendant argues that he has been pursing his rights diligently and he has "continuously stayed abreast of the developments surrounding *Begay, Roseboro, Chambers,* and *Rivers*." He says that "the only thing that has held him up from filing this motion is that he has not clearly understood when the various district courts have stated that neither case is applicable to collateral review." Thus, he contends he has satisfied the diligence factor of *Holland*.

Next, the defendant concedes that there has been no government or counsel impediment to him timely filing the § 2255 motion. Rather, the defendant asserts that "the impediment, or 'extraordinary circumstance' that 'stood in the [Belle's] way' of timely presenting this motion was confusion sponsored by the various District and Appeal courts across the country regarding the retroactivity of Begay and Chambers." The defendant argues that the impediment that stood in his way of timely presenting this motion was the failure of the Court of Appeals to issue an opinion in clear terms, and not in terms as "clear as mud" in deciding the retroactivity of the applicable cases.

4

The undersigned does not view this argument lightly, as the defendant suggests. Ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). That is not to say that the defendant is ignorant of the law. However, this court agrees with the government that confusion about the interpretation of a Supreme Court decision does not qualify as an extraordinary circumstance beyond a prisoner's control.

Even if the defendant's § 2255 motion was timely, the defendant was not sentenced as a career offender; rather, he was sentenced under a murder cross-reference.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion (ECF No. 1027) is untimely and must be denied. Accordingly, the government's motion to dismiss (ECF No. 1030) is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).